**UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **DOUGLAS CHRISTOPHER ANDERSON,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 09-CV-0776-CVE-PJC** |
| | ) | |
| **HASKELL HIGGINS, Warden,** | ) | |
| | ) | |
| **Respondent.** | ) | |

<u>**OPINION AND ORDER**</u>

Before the Court is the petition for writ of habeas corpus (Dkt. # 1).  Petitioner is a state inmate and appears pro se. Respondent has filed a response to the petition (Dkt. # 7); Petitioner did not file a reply to the response. For the reasons discussed below, the Court finds the petition shall be denied.

As an initial matter, the Court finds that since Petitioner does not challenge the validity of his convictions entered in Tulsa County District Court, Case No. CF-2006-2771, but instead seeks review of proceedings related to the revocation of a suspended sentence, this matter shall be adjudicated as a 28 U.S.C. § 2241 petition for writ of habeas corpus. See Montez v. McKinna, 208 F.3d 862, 865 (10th Cir. 2000).

*BACKGROUND*

The record reflects that Petitioner was charged by Amended Information in Tulsa County District Court, Case No. CF-2006-2771, with discharging a firearm at or into an occupied dwelling (Dkt. # 7, Ex. 1 at 1). He entered a guilty plea on March 27, 2007, and was sentenced to ten (10) years imprisonment, a $500 fine, plus a $250 victim assessment and costs. Id. at 2. The judge recommended placement in a drug and alcohol treatment program and set the case for judicial

review. At a July 2, 2007, review hearing, the judge modified the sentence, suspending the nine and

one half year balance to be served under rules and regulations of probation.

On February 1, 2008, an amended application to revoke suspended sentence was filed,

alleging Petitioner violated the probation rules. See Dkt. # 7, Ex. 5. A hearing was held on February

1, 2008, and the trial judge found the evidence was sufficient to revoke Petitioner's suspended

sentence (Dkt. # 9 at 83).

Petitioner appealed the revocation of his suspended sentence to the Oklahoma Court of

Criminal Appeals (OCCA). Respresented by attorney Kimberly Heinze, he raised five (5)

propositions of error, as follows:

> Proposition 1: The revocation order must be vacated or modified because it was based on
> less than competent evidence of a new law violation.
>
> Proposition 2: Where the ordered treatment facility went out of business shortly after Mr.
> Anderson's evaluation and never notified him that he was required to attend
> specified treatment, the State failed to prove a willful failure to attend
> treatment by a preponderance of the evidence.
>
> Proposition 3: The revocation order must be vacated or modified because it was based on
> less than competent evidence that Mr. Anderson violated his rules of
> probation by using an intoxicant.
>
> Proposition 4: Full revocation of the entire nine-year and six-month suspended sentence
> portion of Mr. Anderson's sentence likely inhibited rehabilitation and must
> be vacated or favorably modified as excessive.
>
> Proposition 5: Cumulative errors deprived Mr. Anderson of a fair proceeding and a reliable
> outcome.

(Dkt. # 7, Ex. 1).  By Order filed April 17, 2009, in Case No. RE-2008-0135, the OCCA found no

error and affirmed the revocation of Petitioner's suspended sentence (Dkt. # 7, Ex. 3).

Petitioner filed the instant habeas corpus petition on December 9, 2009 (Dkt. # 1). He raises

the following claims of error:

2

Ground 1:    The revocation order must be vacated or modified because it was based on less than competent evidence of a new law violation.

Ground 2:    Where the ordered treatment facility went out of business shortly after Mr. Anderson's evaluation and never notified him that he was required to attend specified treatment, the State failed to prove a willful failure to attend treatment by a preponderance of the evidence.

Ground 3:    The revocation order must be vacated or modified because it was based on less than competent evidence that Mr. Anderson violated his rules of probation by using an intoxicant.

Ground 4:    Full revocation of the entire nine-year and six-month suspended sentence portion of Mr. Anderson's sentence likely inhibited rehabilitation and must be vacated or favorably modified as excessive.

(Dkt. # 1).[1] In response to the petition, Respondent asserts that Petitioner is not entitled to habeas relief.

## *ANALYSIS*

### A.  Exhaustion requirement is satisfied in this case

"A habeas petitioner is generally required to exhaust state remedies whether his action is brought under § 2241 or § 2254." Montez, 208 F.3d at 866 (citing Coleman v. Thompson, 501 U.S. 722, 731 (1991)).  The Supreme Court "has long held that a state prisoner's federal petition should be dismissed if the prisoner has not exhausted available state remedies as to any of his federal claims." Coleman, 501 U.S. at 731.  To exhaust a claim, a habeas corpus petitioner in custody pursuant to an Oklahoma state court judgment must have "fairly presented" that specific claim to the Oklahoma Court of Criminal Appeals.  See Picard v. Conner, 404 U.S. 270, 275-76 (1971).

---

[1]    The Court notes that, in his request for relief, in addition to seeking immediate release from custody, Petitioner also asks "for legal recourse in seeking damages done thru the State's actions again Mr. Anderson where they executed a wrongful arrest & revocation and imprisonment." See Dkt. # 1 at 15. Petitioner is advised that damages are not available in a habeas corpus proceeding.

Requiring exhaustion "serves to minimize friction between our federal and state systems of justice by allowing the State an initial opportunity to pass upon and correct alleged violations of prisoners' federal rights." Duckworth v. Serrano, 454 U.S. 1, 3 (1981). In this case, Respondent states that all claims are exhausted with the exception of Petitioner's claim that hearsay contributed to his excessive sentence. The Court finds that Petitioner exhausted his habeas claims by presenting them to the OCCA in his revocation appeal, including an argument challenging hearsay evidence. See Dkt. # 7, Ex. 1 at 11-12.

**B.  Claims adjudicated by the OCCA**

As stated hereinabove, the Court has determined that this matter should be adjudicated as a 28 U.S.C. § 2241 petition for writ of habeas corpus. See Stoltz v. Sanders, Nos. 00-6188, 00-6288, 2000 WL 1730894 (10th Cir. Nov. 22, 2000) (unpublished)[2] (holding petitioner's challenge to revocation of his suspended sentence challenged execution of his sentence, rather than its validity, and was therefore construed as petition filed under 28 U.S.C. § 2241). However, in other unpublished decisions, the Tenth Circuit has not distinguished a petition challenging a state revocation proceeding as a 28 U.S.C. § 2241 petition and has analyzed the petitions under 28 U.S.C. § 2254. See Morales v. Jones, 2009 WL 2244899, *3 (W.D. Okla. July 27, 2009) (unpublished) (compiling list of Tenth Circuit cases). Although not entirely clear, the weight of authority seems to favor application of the well-established deferential standard of review prescribed by the Antiterrorism and Effective Death Penalty Act (AEDPA) with respect to habeas petitions challenging the revocation of a suspended sentence. See id. (citing Lowe v. Dinwiddie, 163 Fed.

---

[2]     This unpublished opinion, and others, are cited for persuasive value. See 10th Cir. R. 32.1(A).

Appx. 747, 748 (10th Cir. Jan. 19, 2006) (unpublished) (holding "AEDPA's provisions apply to this case" challenging revocation of suspended sentence); Lynch v. O'Dell, 163 Fed. Appx. 704, 706 (10th Cir. Jan. 18, 2006) (unpublished) (applying AEDPA standard of review to issue of sufficiency of the evidence to support revocation of state prisoner's sentence)).

Under the AEDPA standard, Petitioner must show that the OCCA's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1), (2); Williams v. Taylor, 529 U.S. 362, 402 (2000); Neill v. Gibson, 278 F.3d 1044, 1050-51 (10th Cir. 2001). Furthermore, the "determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). In this case, Petitioner has not made the showing required under § 2254(d),(e). The Court will address each of his four claims.

**1. Insufficient evidence (grounds 1, 2, and 3)**

As his first proposition of error, Petitioner asserts that the prosecution failed to offer competent evidence to support the revocation of his suspended sentence based on an alleged new crime committed by Petitioner. In his second ground he contends that the State failed to prove by a preponderance of the evidence that he willfully failed to attend treatment counseling for anger management and alcohol abuse. Third, he claims the State did not prove he violated his probation by using an intoxicant. Petitioner raised these claims in his revocation appeal, where they were rejected. The OCCA ruled as follows:

> In Appellant's first three propositions of error he argues the State's evidence was insufficient to support the revocation of his suspended sentence. Violations of the conditions of a suspended sentence need only be shown by a preponderance of the evidence. *Henderson v. State*, 1977 OK CR 238, ¶ 4, 568 P.2d 297, 297-298. A preponderance of the evidence in this case supports the trial judge's decision to revoke Appellant's sentence. The testimony of the police officer was sufficient to support the State's allegation that Appellant was intoxicated which is a violation of the rules and conditions of probation. Revocation of a suspended sentence is proper if only one violation is shown by a preponderance of the evidence. *McQueen v. State*, 1987 OK CR 162, ¶ 2, 740 P.2d 744, 745.

(Dkt. # 7, Ex. 3 at 2).

Under Oklahoma law, the applicable standard for revoking a suspended sentence is a preponderance of the evidence. See United States v. Cantley, 130 F.3d 1371, 1376 (10th Cir. 1997) (recognizing Oklahoma's preponderance of the evidence standard); Bumgarner v. Middleton, No. 94-7003, 1995 WL 275718, at *2 (10th Cir. May 10, 1995) (unpublished); Morishita v. Morris, 702 F.2d 207, 210 (10th Cir. 1983) (probation revocation is based on a "preponderance of the evidence rather than proof beyond a reasonable doubt"); Fleming v. State, 760 P.2d 206, 207 (Okla. Crim. App. 1988) (proof required to revoke suspended sentence is preponderance of evidence that accused violated terms of his suspension). In this case, the OCCA held that sufficient evidence supported the revocation. Whether that holding is reviewed under 28 U.S.C. § 2254(d)(1) or (2), this Court finds that the OCCA's ruling must be upheld because it is neither based on an unreasonable factual determination in light of evidence presented in the state court proceedings, nor is it an unreasonable application of clearly established federal law. Boltz v. Mullin, 415 F.3d 1215, 1230 (10th Cir. 2005) (noting that Tenth Circuit has not decided whether a sufficiency of the evidence claim presents a question of law reviewed under § 2254(d)(1) or a question of fact reviewable under § 2254(d)(2)).

During the hearing held February 1, 2008, Claremore Police Officer Jim Dillard testified that, based upon his training and experience, Petitioner's behavior and slurred speech, and the odor

of alcohol on Petitioner's person, he concluded that Petitioner was intoxicated on November 15, 2007 (Dkt. # 9 at 10-13).  Under Oklahoma law and the preponderance of the evidence standard applicable to a revocation proceeding, a reasonable fact-finder could conclude that Petitioner was intoxicated and that he had, therefore, violated the terms of his probation. As noted by the OCCA, only one violation must be proven by a preponderance of the evidence to allow a judge to revoke a suspended sentence. See Dkt. # 7, Ex. 3 at 3 (citing McQueen, 740 P.2d at 745). The evidence supporting the revocation of Petitioner's suspended sentence for violating the probation rule which forbade Petitioner from drinking alcohol was competent and sufficient.  He is not entitled to habeas corpus relief on grounds one, two or three.

## 2.     Excessive sentence on revocation (ground 4)

As his fourth proposition of error, Petitioner complains that the trial court abused its discretion in revoking his sentence in full, resulting in an excessive sentence.  See Dkt. # 1. Petitioner raised this claim on revocation appeal. The OCCA rejected the claim, finding as follows:

> As for Appellant's argument that the punishment is excessive, the decision to revoke a suspended sentence in whole or only in part lies within the discretion of the trial court whose decision will not be disturbed absent an abuse of discretion. *Wallace v. State*, 1977 OK CR 154, ¶ 7, 562 P.2d 1175, 1177. In this case Appellant has not shown the trial judge abused his discretion by revoking Appellant's suspended sentence in full.

(Dkt. # 7, Ex. 3 at 3).   In response to the petition, Respondent asserts that Petitioner's challenge to the length of his sentence is a matter of state law and, without more, presents no federal constitutional issue cognizable on federal habeas corpus review.  The Court agrees.  A federal habeas court affords "wide discretion to the state trial court's sentencing decision, and challenges to the decision are not generally constitutionally cognizable, unless it is shown that the sentence imposed is outside the statutory limits or unauthorized by law." Dennis v. Poppel, 222 F.3d 1245,

1258 (10th Cir. 2000).  Habeas corpus review generally ends "once we determine the sentence is within the limitation set by statute." <u>Id.</u> Under Oklahoma law, the maximum sentence faced by Petitioner on his felony conviction for Discharging a Firearm was twenty (20) years. <u>See</u> Okla. Stat. tit. 21, § 1289.17A (2001).  Petitioner's sentence of nine (9) years and six (6)  months was well within the statutory range allowed by Oklahoma law.  Therefore, he is not entitled to habeas corpus relief on this claim.

**C.  Certificate of appealability**

Rule 11, <u>Rules Governing Section 2254 Cases in the United States District Courts</u>, instructs that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Pursuant to 28 U.S.C. § 2253, the court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," and the court "indicates which specific issue or issues satisfy [that] showing."  A petitioner can satisfy that standard by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings. <u>Slack v. McDaniel</u>, 529 U.S. 473, 483-84 (2000) (citing <u>Barefoot v. Estelle</u>, 463 U.S. 880, 893 (1983)).

The Court concludes that a certificate of appealability should not issue. Nothing suggests that the Tenth Circuit would find that this Court's application of AEDPA standards to the decision by the OCCA was debatable amongst jurists of reason. <u>See</u> <u>Dockins v. Hines</u>, 374 F.3d 935, 938 (10th Cir. 2004). The record is devoid of any authority suggesting that the Tenth Circuit Court of Appeals would resolve the issues in this case differently. A certificate of appealability shall be denied.

*CONCLUSION*

After carefully reviewing the record in this case, the Court concludes that Petitioner has not established that he is in custody in violation of the Constitution or laws or treaties of the United States. His petition for writ of habeas corpus shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1.      The petition for writ of habeas corpus (Dkt. # 1) is **denied**.

2.      A separate judgment shall be entered in this case.

3.      A certificate of appealability is **denied**.

**DATED** this 8th day of March, 2013.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE